UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMONE J. FOX,

        Petitioner,

                              CASE NO. 06-CV-11633
v.                                 HONORABLE ARTHUR J. TARNOW

BARRY MCLEMORE,

        Respondent.
                                 /

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

Demone J. Fox ("Petitioner"), a state prisoner currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. This matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition as untimely. For the reasons set forth, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

### II. Facts and Procedural History

Following a jury trial in the Wayne County Circuit Court in 1997, Petitioner was convicted of voluntary manslaughter, Mich. Comp. L. § 750.321, and possession of a firearm during the commission of a felony, Mich. Comp. L. § 750.227b, arising from the shooting death

1

of a man outside a party store in Detroit, Michigan on August 28, 1994. The trial court sentenced Petitioner to consecutive terms of five to 15 years imprisonment and two years imprisonment on those convictions. Petitioner did not file an appeal as of right with the Michigan appellate courts.

On July 11, 2002, Petitioner, through appointed counsel, filed a motion for relief from judgment with the state trial court raising his present habeas claims and asserting that he did not file an appeal as of right because his appeal papers were stolen by corrections officers and he suffers from mental disabilities. The trial court conducted a hearing and reviewed the medical records. Following the hearing, the court concluded that Petitioner failed to establish cause for filing an appeal as of right and denied the motion for relief from judgment on March 26, 2004. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitled to relief under MCR 6.508(D)." *People v. Fox*, No. 255024 (Mich. Ct. App. Dec. 16, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Fox*, 474 Mich. 896, 705 N.W.2d 120 (Oct. 31. 2005).

Petitioner dated the present habeas petition on January 3, 2006. In his pleadings, he raises claims concerning his failure to file an appeal as of right, the effectiveness of trial counsel, the voluntariness of his confession and his ability to waive his *Miranda* rights, and the admission of a handwriting expert's testimony. Respondent filed the instant motion for summary judgment on September 11, 2006 asserting that the petition fails to comply with the one-year statute of

limitations applicable to federal habeas actions. Petitioner has filed a reply to the motion asserting that he is entitled to equitable tolling of the one-year period due to illiteracy and mental retardation.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's judgment of sentence was entered on January 31, 1997. He then had, at most, 12 months to pursue a direct appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3). He did not do so. With regard to the statute of limitations, therefore, his convictions became final on January 31, 1998. Accordingly, Petitioner was required to file his habeas petition on or before January 31, 1999, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until 2002. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has not established that the State created an impediment to the filing of his

habeas petition, or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights which have been given retroactive effect. His habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

Petitioner, however, asserts that the one-year limitations period should be equitably tolled due to his illiteracy and mental retardation. The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth sufficient circumstances to justify the filing of his state court

collateral proceedings and his federal habeas action well after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Illiteracy does not justify tolling of the one-year period. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Additionally, possible mental retardation or mental illness is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002). Mental illness is a basis for equitable tolling of a limitations period only in extreme circumstances. *See Simpson v. Wolfenbarger*, No. 05-CV-71298-DT, 2006 WL 416189, *5 (E.D. Mich. Feb. 21, 2006). Further, the alleged mental condition must have affected the petitioner's ability to timely file a habeas petition. *Brown*, 232 F. Supp. 2d at 767-68 (citing cases). The petitioner bears the burden of showing that mental health problems rendered him unable to file a habeas petition within the one-year period. *Id.*

Although the record indicates that Petitioner has some mental disabilities and takes anti-seizure medication, Petitioner has not established that his mental condition impeded his ability to timely seek review of his convictions. The record reveals that Petitioner was competent to stand

trial and was advised of his appellate rights following sentencing. With assistance from a fellow inmate, Petitioner was able to file state court motions for superintending control with the Michigan Court of Appeals seeking state court documents in 1999, shortly after the one-year limitations period expired. The fact that Petitioner was able to take such action, and has been able to proceed before this Court while under the same mental condition, indicates that his mental disabilities did not preclude him from managing his legal affairs and acting upon them during the relevant time period. *See Brown*, 232 F. Supp. 2d at 768. Petitioner has failed to establish that his mental condition prevented him from seeking assistance and pursuing his state remedies and federal habeas review in a timely manner. Petitioner has also not shown diligence in seeking habeas relief given that he failed to appeal his convictions and filed his state court motion for relief from judgment more than five years after he was sentenced. Given such circumstances, Petitioner is not entitled to equitable tolling under *Dunlap, supra*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence,

trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. Petitioner has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## IV. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 7, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary